REPLEVIN for one hundred bushels of wheat. Bowers, the defendant, was a tenant of Alrich, the plaintiff, and was living on a farm rented of him, on which the tenant of the preceding year had left the wheat in question in the barn, by the direction of Alrich, his landlord, for *Page 368 
him, as his share or rent of the wheat for that year. There was no demand proved on the part of the plaintiff upon the defendant for it prior to the commencement of the action, but the deputy sheriff had instructions, when he went to the farm to replevy it and take it out of the hands of the defendant, that if he would give him satisfactory security for it, to let him retain the possession of it, and when he arrived there found that the defendant was sowing it on the farm. Wheat was then selling for $2.40 per bushel in the neighborhood, and the defendant gave the requisite bond and security on the writ and retained and sowed the wheat. When the plaintiff closed his testimony,Gray, for the defendant, submitted a motion for a nonsuit, because it appeared from the evidence that the defendant's possession of the wheat had been rightful, and not tortious from the beginning, as it had been in his care and custody and actual possession from the time he had moved on the farm in the month of March preceding. There was no wrongful taking, therefore, proved in the case, to sustain the action, and where the taking or possession is rightful, there can be no wrongful detention of it without proof of an actual demand for it by the plaintiff and a refusal of the defendant to deliver it, before suit brought, and which had not been done in this case. Windsor v.Boyce, 1 Houst. 605.1 Ch. Pl. 144. But if the defendant, as in this case, pleads non cepit, and also property in himself or another, the gist of the inquiry will be, not as to his, but as to the plaintiff's property in the goods, and which he must be prepared to establish, for the onus probandi of the issue then lies upon him; for if the former issue, that of non cepit, is found for him, but the issue of property in himself is either not found at all, or is found for the defendant, the plaintiff cannot recover. And where the issue is on the plaintiff's property in the goods, his right to the possession of them at the time of the taking, is also involved in the issue, and his *Page 369 
possession in such case must be shown to have been such as would have sustained an action of trespass for the taking of the property.McIlvain v. Holland, 5 Harr. 262.2 Greenl. Ev. Sec. 563.
G. B. Rodney, for the plaintiff. What is the evidence, and whose wheat has it been proved to be in the case? And has not the defendant wrongfully converted and disposed of it to his own use against the wishes of the plaintiff, the rightful owner of it, and was he not doing it before the writ was served upon him, and thus putting it out of his power to restore it, or of the plaintiff ever to recover the property itself? We have specially alleged that it was the property of the plaintiff which the defendant has traversed and has taken direct issue upon it, and we have clearly and conclusively proved it as alleged.
By the Court. The defendant as the tenant of the farm was in possession of the premises, whilst the landlord was not, as against him, and as such, was in the actual and rightful possession of the wheat in question, which was in the barn on the premises, from the time he moved in as tenant until after the commencement of this action; and under these circumstances, without proof of an actual demand and refusal before the commencement of it, plaintiff cannot maintain this action for the property, or the value of it; but as there has been no such proof in the case, the motion should prevail and the plaintiff must be nonsuited.